**IN THE UNITED STATES BANKRUPTCY
COURT FOR THE WESTERN DISTRICT OF
NORTH CAROLINA
CHARLOTTE DIVISION**

IN THE MATTER OF:

| | | |
|---|---|---|
| NAME: | **JACOBS, SUSAN GAIL WALLACE** | CHAPTER 7 NO. 15-31501 |
| ADDRESS: | **3417 Driftwood Drive**<br>**Gastonia, NC 28056** | |

SSN: -------------------- **7567**

**DEBTOR.**

---

**GRAY LAYTON KERSH SOLOMON FURR &
SMITH, P.A. (as escrow agents on assignment
from ED WALLACE CONSTRUCTION, INC. in
trust, and for the benefit of CAREY WALLACE
BUMGARDNER, and CLAY WALLACE),**

**PLAINTIFF**                                    Adversary Proceeding: 15- _____

versus

**JACOBS, SUSAN GAIL WALLACE,**

**DEFENDANT.**

---

**Complaint for Declaratory Judgment as to the Non-Dischargeability of Debt**

## Introduction

1. Plaintiff, Gray Layton Kersh Solomon Furr & Smith, P.A. ("GLK") seeks this court's judgment declaring that a discharge under 11 USCS §§ 727 does not discharge Defendant, Susan Gail Wallace Jacobs, an individual debtor, from the debt for money and property obtained by false pretenses misrepresentations, fraud, defalcation and breach of fiduciary duties owed to Plaintiff, as secured by the pre-existing Judgment of the State of North Carolina, including an award of punitive damages, in accordance with 11 USCS §§ 523(a)(2)(A) and (B), (4), (6), and (7).

## Jurisdiction and Venue

2. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above- captioned Chapter 7 case under Title 11 and concerns property of the Debtors in that case.

3. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Title 28 of the United States Code, and in accordance with the Bankruptcy Amendments and Federal Judgeship Act of 1984.

4. This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

5. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## Parties

6. Plaintiff, Gray Layton Kersh Solomon Furr & Smith, P.A. ("GLK") is a professional limited liability corporation organized and existing under the laws of the State of North Carolina, acting as a law firm, with attorneys licensed to practice in *e.g.*, the State and Federal Courts of North Carolina, including the undersigned, and, having a principal place of business at 516 South New Hope Road, Gastonia, NC 28054. GLK is the assignee of that certain Judgment for compensatory and punitive damages awarded against Defendant-Debtor, Susan W. Jacobs, and entered in the General Court of Justice of North Carolina, Superior Court Division, bearing Civil Action No. 13-CvS-00024 (Lincoln County) in the amount of $262,689, with interest at the legal rate (of 8% per annum) from January 8, 2013, plus costs in the amount of $7,936.29, as awarded by Order entered September 25, 2014.

7. Carey W. Bumgardner is a citizen and resident of Lincoln County, North Carolina, and is a devisee of and personal representative of the Estate of Eddie Dale Wallace ("the "Estate") formerly administered by the Clerk of Superior Court, Lincoln County, North Carolina and former putative owner and officer of Ed Wallace Construction, Inc., and has served as the Substitute Executor of the Estate.

2

8. Clay Wallace is the brother of Carey W. Bumgardner, and is presently a citizen and resident of Clover, South Carolina, formerly residing in Lincoln County, North Carolina; he is a devisee of the Estate, and is the President and owner of Ed Wallace Construction, Inc. Along with his sister, Carey W. Bumgardner (as substitute executor), Clay Wallace was the party-representative (on behalf of plaintiff, Ed Wallace Construction, Inc.), plaintiffs in a civil action filed against the Defendant-Debtor on January 8, 2013.

9. Plaintiff, Ed Wallace Construction, Inc. ("EWC"), is a North Carolina Corporation with its office and principal place of business in Mecklenburg County, North Carolina, and was a plaintiff in the state court action, and was the Judgment Creditor as to the Defendant-Debtor, as shown by the Judgment of the North Carolina Superior Court.

10. The Defendant, Susan Gail Wallace Jacobs, is a debtor under Chapter 7 of Title 11 of the United States Code in case number 15-31501, which case is presently pending before this court. Susan Gail Wallace Jacobs may be served via first class mail at 3417 Driftwood Drive, Gastonia, NC 28056.

## Statement of Facts

11. Eddie Dale Wallace died in a motorcycle accident on May 24, 2007. At the time of his death, he operated several businesses, the most significant of which is a corporation by the name of Ed Wallace Construction, Inc. The last will of Eddie Dale Wallace left all of his property to Carey Ann Wallace and Clay Steven Wallace, his two children. Mr. Wallace was divorced at the time of his death. His last will also nominated Susan W. Jacobs (Defendant-Debtor) as the personal representative of the estate and did not nominate an alternate or successor personal representative.

12. Letters testamentary were issued to Susan W. Jacobs on June 6, 2007, who then appointed herself the president of Ed Wallace Construction, Inc., the Estate's single largest asset.

13. On July 7, 2008, Carey Bumgardner sought the removal of her aunt, Defendant Debtor, Susan Jacobs, as executrix of the Estate; on or about October 8, 2008, she obtained and Order of Removal from the Clerk of Lincoln County as Probate Judge (07-E290, Lincoln County); she defended the order of removal and on or about November 1, 2009, obtained affirmation of the Removal Order on appeal to Lincoln County Superior Court.

14. On January 8, 2013, Plaintiffs filed a civil suit against the Defendant-Debtor, seeking damages for breaches of her fiduciary duties, constructive fraud, actual fraud, negligence and misrepresentation.

15. Plaintiff EWC obtained a favorable Jury Verdict (a copy of which is attached hereto and incorporated herein as "Exhibit A"), a Judgment (a copy of which is attached hereto and incorporated herein as "Exhibit B"), including an award of compensatory and punitive damages upon claims for Breach of Fiduciary Duty/Constructive Fraud, Misrepresentation, and

3

actual Fraud as against the Defendant Debtor, Susan Gail Wallace Jacobs and in favor of Ed Wallace Construction, Inc. on or about August 11, 2014, in the underlying "state court action" (13-CvS-00024, Lincoln County).

16. On or about August 11, 2014, Judgment was entered on the jury's verdict for the sum of $262,689.00, awarding Plaintiff compensatory and punitive damages upon its claims for *e.g.*, Breach of Fiduciary Duty/Constructive Fraud, Misrepresentation, and actual Fraud as against the Defendant Debtor, Susan Gail Wallace Jacobs, in the underlying "state court action" (13-CvS-00024, Lincoln County).

17. On September 25, 2014, the Superior Court decided post trial motions and awarded costs to Plaintiff in the amount of $7,936.29 (a copy of which Order is attached hereto and incorporated herein as "Exhibit C").

18. Defendant-Debtor gave notice of appeal from the underlying state court judgment on October 14, 2014; Plaintiff's filed a cross-notice of appeal on October 23, 2014. Defendant-Debtor amended her notice of appeal on October 24, 2014, and withdrew her notice of appeal on January 12, 2015.

19. Through and by virtue of an Assignment of Judgment filed on April 27, 2015, and in settlement of the underlying state court litigation (then pending appeal), the Judgment and award of costs, with interest, was assigned to Plaintiff, Gray, Layton, Kersh law firm, as Escrow Agents and In Trust for Carey Wallace Bumgardner and Clay Wallace, including all rights to execution, payment, and collection on said Judgment (a copy of which is attached hereto and incorporated herein as "Exhibit D"). The Plaintiff's notice of appeal was withdrawn, and the Judgment became final as to the Defendant-Debtor on or about October 24, 2014, and as to all other interested parties on or about April 27, 2015.

20. Section 523(a) under Chapter 7 of the Bankruptcy Code provides in pertinent part, that

> (a) A discharge under section 727…of this title [11 USCS § 727…] does not discharge an individual debtor from any debt-
>
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--
>
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
>
> (B) use of a statement in writing--
>
> (i) that is materially false;
>
> (ii) respecting the debtor's or an insider's financial condition;

4

     (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

     (iv) that the debtor caused to be made or published with intent to deceive;

   (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny; …

   (6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

   (7) to the extent such debt is for a fine, penalty, …and is not compensation for actual pecuniary loss…

   11 USCS §§ 523(a)(2)(A) and (B), (4), (6), and (7).

  21. A duly empanelled jury had returned its true verdict on July 9, 2014, finding *inter alia,* that:

   a. Defendant took advantage of a position of trust and confidence as a corporate officer (President) of Ed Wallace Construction, Inc. ("EWC");

   b. Defendant did not act openly, fairly, or honestly as a corporate officer of EWC;

   c. Plaintiff was financially damaged by Defendant's misrepresentations;

   d. Plaintiff was damaged by the fraud of the Defendant;

   e. Plaintiff is entitled to recover from Defendant Susan Jacobs as damages the sum of $222,689.00 (for breach of fiduciary duty, misrepresentation, and fraud);

   f. Defendant-Debtor Susan Jacobs is liable to Plaintiff, EWC, for punitive damages in the amount of $40,000.00.

 See, Exhibit A, attached.

  22. The debt to Plaintiff arising from the state court judgment against the Defendant-Debtor is non-dischargeable under 11 USCS §§ 523(a)(2)(A) and (B), (4), (6), and/or (7).

### First Claim for Relief
**(Declaratory Judgment)**

  23. The allegations in the preceding paragraphs of this complaint are re-alleged and incorporated herein by reference as if fully set forth and alleged.

24. Plaintiff requests a judicial determination that the debts arising from the state court judgment are not dischargeable; that 11 USCS §§ 523(a)(2)(A) and (B), (4), (6), and (7) apply to the facts as herein alleged and that the Defendant-Debtor, jointly and severally, should be permanently enjoined, and/or precluded from denying or avoiding any claim or claims for relief based upon the state court judgment (13-CvS-00024, Lincoln County) filed August 4, 2014, in the amount of $262,689.00, plus interest at the legal rate (8% per annum) from January 8, 2013 until paid in full, under Chapter 7 of the Bankruptcy Code.

25. Moreover, Plaintiff seeks a judicial declaration of Plaintiff's priority and secured status with regard to creditors' claims against the Bankruptcy Estate, as a judgment creditor as of January 8, 2013 (the date of filing of the State Court action), along with the disallowance of any unsupported exemptions or fraudulent conveyances of Defendant-Debtor, Susan Gail Wallace Jacobs (from July 7, 2008, the date of filing of the Plaintiff's original Motion to Revoke Letters Testamentary), as may be shown through the pleadings, bankruptcy filings, judicial notice, discovery or trial.

### Second Claim for Relief
(*Res Judicata* and *Collateral Estoppel*)

26. The allegations in the preceding paragraphs of this complaint are re-alleged and incorporated herein by reference as if fully set forth and alleged.

27. The allegations in the preceding paragraphs of this complaint are re-alleged and incorporated herein by reference as if fully set forth and alleged.

28. Collateral Estoppel prevents a person from re-litigating an issue that has already been decided (Res Judicata). One summary is that, "once a court has decided an issue of fact or law necessary to its judgment, that decision ... preclude[s] re-litigation of the issue in a suit on a different cause of action involving a party to the first case." *San Remo Hotel v. San Francisco*, 545 U.S. 323 (2005), fn. 16.

29. The Doctrines of Collateral Estoppel and Res Judicata are designed to prevent legal harassment and the prevention of abuse of judicial resources, to quell vexatious litigation, preserve precedent, and to undergird the principle of *stare decisis.*

30. Plaintiff requests a determination that the doctrines or principles of *Res Judicata* and *Collateral Estoppel* apply to the facts as herein alleged and that the Defendant-Debtor be permanently enjoined and precluded from denying the non-dischargeable nature of the claim or claims for relief against Susan W. Jacobs, arising from the underlying state court judgment.

31. As a result of the foregoing, Plaintiff seeks a declaratory judgment from the Court that the Defendants are permanently estopped and precluded (by principles of *collateral estoppel* and/or *res judicata*) from seeking a discharge in Bankruptcy, under this Chapter 7 proceeding, for the claims of the Plaintiff herein, which arise from the underlying North Carolina state court judgment (13-CvS-00024, Lincoln County) filed August 4, 2014, in the amount of $262,689.00 plus interest at the legal rate (8% per annum) from January 8, 2013 until

paid in full.

**WHEREFORE,** the Plaintiff having set forth the foregoing claims for relief against the Defendant-Debtor, Susan Gail Wallace Jacobs, respectfully prays of the Court as follows:

    A.    That this court issue its Declaratory Judgment to the effect that the debts of Susan Gail Wallace Jacobs arising from the state court judgment are not dischargeable; that 11 USCS §§ 523(a)(2)(A) and (B), (4), (6), and (7) apply to the facts as herein alleged and that the Defendant-Debtor, jointly and severally, should be permanently enjoined, and/or precluded from denying or avoiding any claim or claims for relief based upon the state court judgment (13-CvS-00024, Lincoln County) filed August 4, 2014, in the amount of $262,689.00, plus interest at the legal rate (8% per annum) from January 8, 2013 until paid in full;

    B.    That this court issue its Declaratory Judgment determining and pronouncing Plaintiff's priority and secured status as a judgment creditor as of January 8, 2013 (the date of filing of the State Court action) with regard to creditors' claims against the Bankruptcy Estate of the Defendant-Debtor;

    C.    That this court disallow any unsupported exemptions or fraudulent conveyances of Defendant-Debtor, Susan Gail Wallace Jacobs (from July 7, 2008, the date of filing of the Plaintiff's original Motion to Revoke Letters Testamentary), as may be shown through the pleadings, bankruptcy filings, judicial notice, discovery or trial; and,

    D.    That the Plaintiff have such other and further relief as the Court may deem just and proper.

Dated this the 23rd day of December, 2015.

/S/ David W. Smith, III
David W. Smith, III
N.C. State Bar No. 9472
William E. Moore, Jr.
N.C. State Bar No. 9962
Gray, Layton, Kersh, Solomon,
Furr & Smith, P.A.
Attorneys for the Plaintiff
516 South New Hope Road
P.O. Box 2636
Gastonia, NC 28053-2636
(704) 865-4400
dsmith@gastonlegal.com
bmoore@gastonlegal.com