

IN THE UNITED STATES BANKRUPTCY
COURT FOR THE WESTERN DISTRICT OF
NORTH CAROLINA
CHARLOTTE DIVISION

IN THE MATTER OF:

NAME:      JACOBS, SUSAN GAIL WALLACE          CHAPTER 7 NO. 15-31501

ADDRESS:   3417 Driftwood Drive
           Gastonia, NC  28056


SSN: ------------7567


           DEBTOR
_____

GRAY LAYTON KERSH SOLOMON FURR &
SMITH, P.A. (as escrow agents on assignment
From ED WALLACE CONSTRUCTION, INC. in
Trust, and for the benefit of CAREY WALLACE
BUMGARDNER, and CLAY WALLACE),

PLAINTIFF
                                               Adversary Proceeding: 15-03182
Versus

JACOBS, SUSAN GAIL WALLACE,

DEFENDANT.


# Defendant's evidence for discharge by summary judgment

The Defendant, Susan Jacobs, pro se litigate, respectfully moves that the court grant an order in Summary Judgment to discharge the debt under 11 USCS 727, as 11 USCS 523 (a) (2) (A) and (B, (4), (6), or (7) does not apply to stop discharge.

Honorable Judge Hugh Lewis said, "There is no evidence in this case of the defendant herself directly or even indirectly receiving enrichment.
   The other issues relating to negligence—Let me go through these completely."

Since the summary judgment is trying to distinguish between negligence and fraud damages thru the jury verdict I tried to keep in the perimeters of the transcript and entered evidence. Some evidence was available to plaintiff and offered at deposition, which my deposition was entered as evidence, so I am presenting into the court as evidence to aide in summary judgment, not retrying the State Trial.

Exhibits for Summary Judgment for Defendant's discharge to aide in separating dischargeable debt from non-dischargeable fraud.

1. Evidence pages 000001-000007
   Transcript X, pages 2192-2198, Honorable Judge Hugh Lewis opinion
   A. Page 2197, line 13-16 Unjust Enrichment not present in case.
   B. Page 2197, line 17 Issues relating to Negligence.

### Plaintiff's damages
2. Evidence pages 000008-000014
   A. Transcript X, 2194-2196, employee unauthorized transaction of $93,098.06 Page 2195, line 2 describes transactions as "disguised and unrecorded."
   B. Transcript X, Page 2195, line 10
   C. Transcript II, page 390, Line 10-14
      Also, on Line 20-21

7. Evidence 000186-0000188

Transcript IX page 1717, line 20-page 1719, line 18 the charge of fraud on Form 706.

8. Evidence 000065-000077

Transcript IX, Page 1749-1750 $909,275, Plaintiff's exhibit 87 dated 11-04-2008. Filed with Internal Revenue Service. -0- tax liability Federal and State

9. Evidence 000078- 000093

Transcript III, Page 547 9-20, $1,956,069, Defendant's exhibit 8 dated 12-31-2008. Working Papers NOT filed with Internal Revenue Service. Possible damage from Mr. Deaton's entry in 90-day inventory.

    Transcript X. page 2151 Defendant's Exhibit 8
    A. "WORK PAPERS" on signature line- not filed
    B. Form 706 Federal Inheritance Tax, Line 20, Federal Tax Liability $410,032
    C. Schedule B, Item # 1
    D. A-101 North Carolina Estate Tax Return, Line 20, State Estate Tax Liability $174,184.
    E. Work Papers on signature line-not filed
    F. Damage to Estate WOULD HAVE totaled $584,216.

10. Evidence 000094-000097- **Genuine material fact affecting corporation decision on value.**

Agreement between Ed and Beth Wallace settled the value of the corporation a year and a half before death at $400,000 of 50% of the stock.

11. Evidence 000097-000098

Plaintiff's exhibit 127 under (a) section 6018(a) and Defendant's exhibit 5 26 USCS 6018 (a) (1) "exceeds the basic exclusion amount" which was $2,000,000 in 2007.

12. Evidence 000099-000100

Plaintiff's entered my deposition Transcripts X, Page 1979 Line 9-10, (Entered into trial by Mr. Moore.) Page 332 Line 14-20. I told Mr. Moore that the Internal Revenue Service had questioned me about Form 706 in a letter.

13. Evidence 000101
Letter from IRS requesting basis for Form 706

14. Evidence 000102-000154
My response Letter to Department of Treasury dated April 20, 2009.
- A. Section 3 Schedule B Basis for LLC, derived from
    - d) Compare property tax values to divorce agreement where Eddie paid Beth Wallace $100,000 for her share of the Paw Creek properties**. I took the higher value in the property tax bills.**
- B. Section 4) Value of Corporation on Schedule B was derived from the June 30, 2006 Statement of Assets Liabilities and Equity and the value of the common stock from the 2006 Corporate Tax Return. The value of the corporation was determined at Eddie owning 100% of the corporation. **…..As you can see I took the higher value in the Statement of Assets Liabilities and Equity and the value of the common stock…….**

With Internal Revenue Service requested information

15. Evidence 000189-000200 (OUT OF EVIDENCE NUMBER ORDER)
Transcript X, Page 2096-2098, Exhibit 74, Minutes of meeting of Ed Wallace, Construction, Inc., Line 8, "under the terms of a Stock Purchase Agreement" and ESCROW AGREEMENT, fifth paragraph also mentions"Stock Purchase Agreement." Please note the "Stock Purchase Agreement" missing.

16. Evidence 000155
Letter from Internal Revenue Service dated 6/3/09 Estate Tax Closing Document.

17. Evidence 000156-000159
My Final accounting In State Court for Estate of Eddie Dale Wallace.

18. Evidence 000160

Letter from Clerk of Superior Court dated 10-19-2015, approving final accounting

19. Evidence 000161
Internal Revenue Service Account Transcript 05-10-2016

20. Evidence 000162-000169
Transcript II, page 206-207, Forms 940-941
- A. Form 941 Request, last page, I do not expect taxable wages in the future, dated 12-28-2009.
- B. Form 942 Request, last page, I do not expect taxable wages in the future, dated 12-28-2009.
- C. The only reason there was a counter-suit was to pay lawyers, under Federal Tax Codes, Fees Received by personal Representatives are taxable.

21. Evidence 000170-000172
Order to release funds, Section 5, No expenses were turned in.

22. Evidence 000173
Internal Revenue Service guidelines on Fees Received by personal Representatives.

The plaintiffs, Gray Layton Kersh Solomon Furr & Smith, PA claim falls short in willfulness and intentional abuse due to the fact they were happy with -0- tax liability, and the basis for the corporation would never damage the corporation as it does not go on the corporate tax return since the stock was not held be the corporation but by an individual. The jury verdict did not address Bankruptcy code 11 USCS 523 (a) (2) (A) and (B), (4), (6) or (7).

Honorable Judge Hugh Lewis said, "There is no evidence in this case of the defendant herself directly or even indirectly receiving enrichment.
    The other issues relating to negligence—Let me go through these completely."

Wherefore, Susan Jacobs, defendant, debtor respectfully requests due to negligence causing fraud:

A. The court to issue its Declaratory Judgment to the effect that all debts owed to Plaintiff, Gray Layton Kersh Solomon Furr & Smith, PA. Be discharged as Plaintiff –Creditor failed to prove 11 USCS 523 (a) (2) (A) and (B), (4), (6) or (7) was not properly addressed by the jury and apply the facts as herein alleged are not with merit. Debtor request discharge in the amount of $262,689 with interest at the legal rate of 8% per annual from January 8, 2013 plus cost in the amount of $7,936.29.

B. That this court issue its Declaratory Judgment determining that punitive damages without willfulness acts to damage is a discharge-able debt allowing the debtor a fresh start.

C. That this court issue costs of the adversary proceeding to defendant debtor since both defendant and plaintiff benefited from the transcripts which costs

   1. Lisa A Garrison contract for              $6,633.00
   2. Rose Gates – two checks for                  392.00
   3. All Professionals Litigation Support Team, Inc.   242.50
              Total                              $7,267.50

Evidence 000174-000185

D. That the Defendant have such other and further relief as the Court may deem just and proper.

Dated the 31th day of March, 2017

Submitted by: *Susan W Jacobs*

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing DEFENDANT'S REQUEST FOR SUMMARY JUDGMENT EVIDENCE was personally served to the following attorney(s) of record:

David Smith <dsmith@gastonlegal.com>
Bill Moore <bmoore@gastonlegal.com>
Gray, Layton, Kersh, Solomon, Furr, & Smith, P.A.
516 New Hope Road
P. O. Box 2636
Gastonia, NC  28053-2636
704-865-4400

**Received by:**_____