FILED & JUDGMENT ENTERED
Steven T. Salata

April 11 2017

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| **Susan Gail Wallace Jacobs** ) | |
| ) | |
| ) | Case No. 15-31501 |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| **Gray Layton Kersh Solomon Furr** ) | |
| **& Smith, P.A.** ) | |
| ) | |
| ) | |
| Plaintiff, ) | Adversary Proceeding |
| ) | No. 15-03182 |
| v. ) | |
| ) | |
| **Susan Gail Wallace Jacobs** ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT

This adversary proceeding raises the question of whether a judgment obtained after a two-week trial in state court is non-dischargeable in defendant's Chapter 7 bankruptcy.[1] The judgment for $262,689 plus costs is based on allegations of fraud (non-dischargeable) and negligence (dischargeable); however, the state court jury's award of damages does not apportion between the torts. The *Rooker-Feldman* Doctrine prevents

---
[1] Defendant is acting *pro se* in this adversary proceeding.

1

defendant from collaterally attacking the state court judgment in federal court. Thus, this Court is tasked only with determining from the already established liability what amount is attributable to conduct that falls under the scope of 11 U.S.C. § 523.

Plaintiff moved for summary judgment on December 20, 2016, and a hearing was held on February 15, 2017. Primarily, plaintiff asserted that negligence is a "lesser-included offense" of the torts sounding in fraud, rendering the entire judgment non-dischargeable as a matter of law.

In keeping with the direction of the United States District Court in this judicial district, the Court considered the verdict sheet, but was unable to make a determination based on that document alone. *Keever v. Gallagher (In re Gallagher)*, No. 3:10-CV-00237-W, 2011 WL 1130878, at *5 (W.D.N.C. Mar. 25, 2011), ("Obviously, the preferential method for the bankruptcy court to have determined how to apportion damages would have been to review and rely on a special verdict form, or, since that did not exist, the transcript of the evidence presented to the jury in the State Court Action."), *aff'd*, 464 F. App'x 163 (4th Cir. 2012).

The parties stipulated that the Court could consider the pleadings and exhibits from the state court trial on summary judgment. The parties agreed that should questions of material fact remain outstanding such that summary judgment was still inappropriate, the Court would shift roles to a trier of fact and consider the state court record and any supplemental evidence presented at a trial on apportionment. This procedure was memorialized in an order dated February 16, 2017.

Thereafter, the pleadings and exhibits were filed on the docket. While plaintiff's motion for summary judgment was under advisement, defendant filed her own motion for

2

summary judgment seeking a declaration that the debts owed to the plaintiff are dischargeable [Doc. 37].  Meaning, the Court must now resolve cross motions for summary judgment on the same issue.[2]

When confronted with cross motions for summary judgment, the Court "review[s] each motion separately on its own merits 'to determine whether either of the parties deserves judgment as a matter of law.'"  *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (citation omitted).  On each motion, the Court will "'resolve all factual disputes and any competing, rational inferences in the light most favorable' to the party opposing that motion."  *Id.* (citation omitted).  "[A] party seeking summary judgment always bears the initial responsibility of . . . identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citations omitted).

Neither side has met their burden.  Having considered the parties' motions, responses, supplemental filings, and cited portions of the record from state court, questions of material fact remain as whether defendant's conduct falls under the scope of 11 U.S.C. § 523.  This should come as no surprise as defendant's intent weighs heavily on the ultimate outcome of this action, and intent is generally not a matter that can be resolved through summary judgment.  *Morrison v. Nissan Co.*, 601 F.2d 139, 141 (4th Cir. 1979) (holding "when the disposition of a case turns on a determination of intent,

---

[2] By order dated March 10, 2017, plaintiff was afforded an opportunity to file a response to defendant's motion for summary judgment.  Additionally, the Court requested that the parties supplement their motions with citations to the record (exhibit numbers and page/paragraph numbers of the transcript) that show no genuine issue of material fact exist on the narrow question of how to apportion the state court judgment between the non-dischargeable and the dischargeable debts.

courts must be especially cautious in granting summary judgment, since the resolution of that issue depends so much on the credibility of the witnesses, which can best be determined by the trier of facts after observation of the demeanor of the witnesses during direct and cross-examination"). Both motions for summary judgment are therefore denied.

As agreed to by the parties, the Court will consider the state court record sitting as a trier of fact and will also allow the parties to present additional evidence on the *narrow* question of how to apportion the state court judgment between the non-dischargeable and the dischargeable debts. A hearing will be held on May 22, 2017 at 9:30 AM at the Charles R. Jonas Federal Courthouse in Charlotte, North Carolina at which the parties should be prepared to discuss their time needs and choose a trial date.

| | |
|---|---|
| This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order. | United States Bankruptcy Court |